JacksonLewis

Jackson Lewis P.C.
58 South Service Rd., Ste. 250
Melville, New York 11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

November 6, 2026

**<u>VIA ECF</u>**

MEMO ENDORSED

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re: *Jacqueline Vera v. NYU Langone Health System*
Case No. 25-cv-10776

Dear Judge Failla:

We represent Defendant NYU Langone Health System ("NYULH") in the above-referenced matter. In accordance with Section 2(C) of Your Honor's Individual Rules of Practice in Civil Cases, we respectfully submit this letter in opposition to Plaintiff's motion to file a Third Amended Complaint ("TAC"). (Dkt. No. 33).

Defendant does not consent to the filing of the TAC because Plaintiff's proposed amendments are futile. Plaintiff contends that the TAC is intended "to contain the alleged misconduct of defendant after the original filing date of June 17, 2026." (*Id.*). In reality, the TAC is substantially identical to the prior pleading. The only new factual allegations after June 17, 2026 concern four events:

- On July 16, 2026, Plaintiff alleges that she was removed from the Medical Education project. (TAC ¶ 61).

- On or about August 5, 2026, Plaintiff allegedly provided a letter from her nurse practitioner regarding abdominal pain to Katheryne Small, her manager, and Melissa Greiner of Employee & Labor Relations. (TAC ¶ 57). Plaintiff further alleges that she informed Small that she was awaiting surgery, but that Small nevertheless requested that Plaintiff come into the office for an in-person meeting. (*Id.*).

- On August 10, 2026, Defendant allegedly approved Plaintiff's accommodation request. (TAC ¶ 58).

- On August 11, 2026, Plaintiff alleges that Small and Brita Roy required her to report to the office so that they could issue her a Final Written Warning. (TAC ¶ 59).

JacksonLewis



Even if accepted as true, these new allegations do not cure the deficiencies identified in Defendant's pending motion to dismiss. Nor do they give rise to any new cause of action.

Given Defendant's motion to dismiss the Second Amended Complaint is pending, and to avoid duplicative briefing, Defendant respectfully requests that the Court permit the parties to address the proposed amendments within the existing motion practice and briefing schedule. Specifically, Defendant proposes that any motion to amend be filed with Plaintiff's opposition to Defendant's motion to dismiss (due on November 23, 2026), that Defendant's opposition to such motion be filed with its reply (due on December 7, 2026), and that Plaintiff's reply, if any, in further support of the motion to amend be filed on December 21, 2026.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

s/ Kathryn J. Barry
Kathryn J. Barry, Esq.
Daniel R. Axelrod, Esq.

cc: All counsel of record (via ECF)

The Court has reviewed Plaintiff's request to file a Third Amended Complaint ("TAC") (Dkt. #33), and Defendant's opposition thereto (Dkt. #34). Upon review, Plaintiff's request is GRANTED in light of the leniency afforded in Rule 15 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2) (instructing courts to "freely give" grant leave to amend "when justice so requires"). Plaintiff is hereby ORDERED to file the TAC on or before **November 13, 2026.**

That said, Defendant correctly observes that the new allegations in the TAC concern events that occurred after the Second Amended Complaint ("SAC") was filed. (See Dkt. #34 at 1 (discussing allegations from July through August 2026). Plaintiff is warned against using the amendment process to add new misconduct allegations as they arising during this litigation. The Court, moreover, does not intend to permit further amendments based on new conduct that occurs from this point forward.

To the extent that Plaintiff files the TAC, Defendant's motion to dismiss the SAC is DENIED as moot. *See Shields* v. *Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (internal quotation marks and citation omitted) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); *see also, e.g.*, *Carusillo* v. *Fansided, Inc.*, No. 20 Civ. 4766 (JPO), 2021 WL 4311167, at *2 n.2 (S.D.N.Y. Sept. 21, 2021) ("Plaintiffs' filing of the Second Amended Complaint renders moot the original motion to dismiss and it is therefore denied as moot."). Accordingly, the parties are hereby ORDERED to propose a new briefing schedule for Defendant's anticipated motion to dismiss on or before **November 13, 2026.**

The Clerk of Court is direct to terminate the pending motions at docket entries 28 and 33.

Dated: November 6, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE